IN THE CIRCUIT COURT, FIRST
JUDICIAL CIRCUIT, IN AND FOR
SANTA ROSA COUNTY, FLORIDA

CASE NO.:

CHARLES RAY GILLMAN,

    Plaintiff,

v.

CROP PRODUCTION SERVICES, INC.

    Defendant.
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, CHARLES RAY GILLMAN, by and through the undersigned attorney, Jonathan Rotstein, Esquire, and hereby sues Defendant, CROP PRODUCTION SERVICES, INC., and in support thereof states and alleges as follows:

### FACTS

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00).

2. Plaintiff, CHARLES RAY GILLMAN, resides in Jay, Santa Rosa County, Florida, and is over the age of twenty-one (21).

3. Defendant, CROP PRODUCTION SERVICES, INC., is a corporation authorized and licensed by the Florida Secretary of State to conduct business in the State of Florida and does conduct said business in Jay, Santa Rosa, Florida.

4. The incident which is the subject matter of this litigation occurred in Jay, Santa Rosa County, Florida.

EXHIBIT A

5. This Honorable Court has jurisdiction over this lawsuit in that the accident, which is the basis of this lawsuit took place in Santa Rosa County, Florida and that this action for money damages for the Plaintiff, CHARLES RAY GILLMAN, exceeds Fifteen Thousand Dollars ($15,000.00) against Defendant, CROP PRODUCTION SERVICES, INC..

## COUNT ONE

### NEGLIGENCE AGAINST DEFENDANT, CROP PRODUCTION SERVICES, INC.

6. That on or about April 9, 2012, Plaintiff, CHARLES RAY GILLMAN, was lawfully upon the premises of the Defendant's property, known as Crop Production Services, located at 3525 Florida 4, Jay, Santa Rosa County, Florida, as he was a customer, at said location.

7. That at the aforesaid time and place, the Plaintiff, CHARLES RAY GILLMAN, was stepping up onto the front concrete area of the business, the soil surrounding the concrete was loose and shifted, causing Plaintiff to loss his footing as he was stepping upon onto the concrete and fall, causing severe and permanent physical injuries to Plaintiff.

8. At the aforesaid time and place, Defendant, CROP PRODUCTION SERVICES INC. owned, maintained and/or controlled said business property, where the Plaintiff was injured.

9. At the aforesaid time and place the Defendant knew or should have known by the use of reasonable care, that the entrance area of the business was in need of maintenance and caused a dangerous condition and that the condition of the concrete and soil surrounding same was known to the Defendant or had existed for a sufficient length of

time so that the Defendant should have known of it prior to the incident which is the subject matter to this litigation.

10. At the aforementioned time and place, Defendant, CROP PRODUCTION SERVICES, INC., owed a duty to Plaintiff, CHARLES RAY GILLMAN, a lawful invitee on its premises, to maintain the aforementioned premises in a reasonably safe condition, and to alert Plaintiff of a dangerous condition which Defendant knew of, which had existed for a sufficient length of time that Defendant should have known of, and/or which Defendant should have had knowledge greater than that of Plaintiff.

11. That at the aforesaid time and place, Defendant, CROP PRODUCTION SERVICES, INC., breached that duty of care by negligently failing to maintain their premises in a reasonably safe condition of which the Defendant either knew or should have known by the use of reasonable care, and negligently failed to warn the plaintiff of a dangerous condition concerning which the Defendant had or should have had knowledge greater than that of the Plaintiff or take any action to prevent the incident which is the subject matter of this complaint.

12. That as a direct and proximate result of the aforedescribed careless, wrongful and negligent acts of the Defendant, CROP PRODUCTION SERVICES, INC., the Plaintiff, CHARLES RAY GILLMAN, has been permanently and seriously injured and bruised in and about the head, neck, back, face and limbs, suffering physical pain and suffering in the past and indefinitely into the future, suffering mental pain in the past and indefinitely into the future, losing the capacity for the enjoyment of life in the past and indefinitely into the future, incurring medical and hospital bills for care and treatment in the past and into the

future; all in an amount exceeding Fifteen Thousand Dollars ($15,000.00) against the Defendant, CROP PRODUCTION SERVICES, INC..

WHEREFORE, Plaintiff, CHARLES RAY GILLMAN, demands judgment against Defendant, CROP PRODUCTION SERVICES, INC., in an amount exceeding Fifteen Thousand Dollars ($15,000.00) plus costs of court and trial by jury.

Dated this 7th day of Feb, 2014.

Respectfully submitted,

Jonathan I. Rotstein, Esquire
Law Office of Rotstein & Shiffman, LLP
309 Oakridge Blvd., Suite B
Daytona Beach, FL 32118
(386) 252-5560 (sec)
(386) 238-6999 fax
Primary: a.mccollum@rotstein-shiffman.com
Secondary: d.wilborn@rotstein-shiffman.com
s.colosimo@rotstein-shiffman.com
Attorney for Plaintiff(s)